IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRZEJ BOROWIEC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-04524 |
| | ) | |
| vs. | ) | Hon. Harry D. Leinenweber |
| | ) | Magistrate Judge Sidney I. Schenkier |
| VILLAGE OF GLENVIEW, | ) | |
| Glenview Police Officer LANCE M. KOPERA, | ) | |
| Star 157, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT VILLAGE OF GLENVIEW**

Now comes the Defendant, Village of Glenview, (hereafter "Village") by its attorneys, Robbins, Salomon & Patt, Ltd., and for its reply in support of its motion to dismiss, states as follows:

1. Plaintiff admits that any cause of action that may be stated pursuant to a *respondeat superior* theory must be dismissed. Plaintiff, by his action of repeating and realleging each and every paragraph from its "Facts" section of its initial complaint, specifically alleges that the Village of Glenview is the supervisor and employer of Lance Kopera. Without delineating the cause of action set forth in Count I with specificity as against whom the count seeks redress, plaintiff, by his pleading and adoption of each and every paragraph, leaves open the conclusion that the plaintiff may be seeking a cause of action against the Village pursuant to *respondeat superior*.

As Plaintiff now admits that the allegation contained within paragraph 2 is improperly made part of the pleading in Count I, the Court should grant defendant Village of

Glenview's motion to dismiss any action related to *respondeat superior* to clarify the inconsistency in the pleading.

2. Likewise, with respect to the allegations of the potential claim for punitive damages, it is the plaintiff's over-inclusiveness which leads the Village to file a motion to dismiss to ascertain the intent of the very broad pleading. As the plaintiff has now admitted that he does not seek punitive damages in any regard from the Village of Glenview in either Count I or Count II, the Village of Glenview's motion to dismiss should be granted with respect to recovery for any punitive damage claim.

3. Further, the pleadings are so broad that they can be construed to allege inadequate police service. To the extent that they do allege inadequate police service, the Village has absolute immunity. This is the plain and concise argument that has been made pursuant to 745 ILCS 10/4-102. However, now the plaintiff admits that the Village has absolute immunity from a claim for failure to provide adequate police protection or service, failure to prevent the commission of a crime, failure to detect or solve crimes, and the failure to arrest or apprehend criminals, and all other allegations of 745 ILCS 10/4-102, the Village's motion to dismiss must be granted.

4. Defendants concede that 745 ILCS 10/9-102 may be brought at the same time as a claim against an officer, yet, no damages may be claimed from the Village without a judgment against the officer. However, because plaintiff simply reasserts and realleges all of the allegations in the fact section into his claims in Count II, defendant is left to wonder exactly what the cause of action it must defend against. As such, the motion to dismiss pursuant to *Monell* is viable. This motion should be granted in favor of the Village, again to clarify the broad scope of plaintiff's pleading.

WHEREFORE, as the plaintiff has conceded that the pleadings are sufficiently broad to support the Village's motions to dismiss and have further conceded that they are not seeking relief which may be construed by the broad pleadings, the Village's motion to dismiss should be granted so that, in the event that this case ultimately goes to trial, there will be a clear and concise record of those issues which may be heard by a jury.

/s/ Tracy E. Stevenson
ARDC No. 6207780
Attorney for Defendants
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL 60602
Phone: 312-782-9000
Fax: 312-782-6690
email: tstevenson@rsplaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lawrence V. Jackowiak, ljackowiak@jackowiaklaw.com
Adele Nicholas, anicholas@jackowiaklaw.com
Daniel P. Kiss, dkiss@jackowiaklaw.com
Louis Joseph Meyer, lmeyer@jackowiaklaw.com
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, IL 60602

            /s/ Tracy E. Stevenson
            ARDC No. 6207780
            Attorney for Defendants
            Robbins, Salomon & Patt, Ltd.
            25 East Washington Street, Suite 1000
            Chicago, IL 60602
            Phone: 312-782-9000
            Fax: 312-782-6690
            email: tstevenson@rsplaw.com